IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| *Plaintiff,*                   ) | Civil No.: |
| ) | |
| v.                             ) | |
| ) | Filed: |
| ALLTEL CORPORATION and         ) | |
| WESTERN WIRELESS CORPORATON,   ) | |
| ) | |
| *Defendants.*                  ) | |

## PLAINTIFF UNITED STATES' EXPLANATION OF CONSENT DECREE PROCEDURES

Plaintiff United States submits this short memorandum summarizing the procedures regarding the Court's entry of the proposed Final Judgment. This Judgment would settle this case pursuant to the Antitrust Procedures and Penalties Act, 15 U.S.C. §§ 16(b)-(h) (the "APPA"), which applies to civil antitrust cases brought and settled by the United States.

1.  Today, plaintiff United States has filed a Complaint, proposed Final Judgment, and Preservation of Assets Stipulation and Order, between the parties by which they have agreed that the Court may enter the proposed Final Judgment following compliance with the APPA. Plaintiff United States has also filed a Competitive Impact Statement relating to the proposed Final Judgment.

2.  The APPA requires that plaintiff United States publish the proposed Final Judgment and the Competitive Impact Statement in the *Federal Register* and in certain newspapers at least sixty (60) days prior to entry of the proposed Final Judgment. The notice

will inform members of the public that they may submit comments about the proposed Final Judgment to the United States Department of Justice, Antitrust Division (*see* 15 U.S.C. §§ 16(b)-(c)).

3. During the sixty-day period, plaintiff United States will consider, and at the close of that period respond to, any comments that it has received, and it will publish the comments and plaintiff United States' responses in the *Federal Register*.

4. After the expiration of the sixty-day period, plaintiff United States will file with the Court the comments and plaintiff United States' responses, and it may ask the Court to enter the proposed Final Judgment (unless plaintiffs have decided to withdraw their consent to entry of the Judgment, as permitted by Section IV.A of the Preservation of Assets Stipulation and Order) (*see* 15 U.S.C. § 16(d)).

5. If plaintiff United States requests that the Court enter the proposed Final Judgment after compliance with the APPA, 15 U.S.C. §§ 16(e)-(f), then the Court may enter the Judgment without a hearing, provided that it concludes that the Final Judgment is in the public interest.

Dated: July 6, 2005

Respectfully submitted,

FOR PLAINTIFF UNITED STATES:

_____
Deborah A. Roy (D.C. Bar #452573)
Laura R. Starling
Hillary B. Burchuk (D.C. Bar # 366755)
Matthew C. Hammond
Attorneys, Telecommunications & Media
Enforcement Section
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530
(202) 514-5621
Facsimile: (202) 514-6381