UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NUMBER: 1:05CV01345 |
| ) | |
| v. ) | JUDGE: Royce C. Lamberth |
| ) | |
| ALLTEL CORPORATION and ) | |
| WESTERN WIRELESS CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF UNITED STATES' MOTION AND MEMORANDUM IN SUPPORT OF ENTRY OF FINAL JUDGMENT

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA" or "Tunney Act"), plaintiff United States moves for entry of the proposed Final Judgment filed in this civil antitrust case. The proposed Final Judgment (which is attached) may be entered at this time without further hearing if the Court determines that entry is in the public interest. There is no objection to the entry of the proposed Final Judgment without a hearing from any of the parties. The Competitive Impact Statement ("CIS") filed by the United States in this matter on July 6, 2005 explains why entry of the proposed Final Judgment is in the public interest. The United States is filing simultaneously with this motion a Certificate of Compliance setting forth the steps taken by the parties to comply with all applicable provisions of the APPA and certifying that the statutory waiting period has expired.

**MEMORANDUM**

I. **Background**

Defendants ALLTEL Corporation ("ALLTEL") and Western Wireless Corporation ("Western Wireless") entered into an Agreement and Plan of Merger dated January 9, 2005, pursuant to which ALLTEL would acquire Western Wireless. The United States filed a civil antitrust Complaint on July 6, 2005, seeking to enjoin the proposed acquisition. As explained more fully in the Complaint and CIS, the likely effect of this acquisition would be to lessen competition substantially for mobile wireless telecommunications services in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. This loss of competition would result in consumers facing the likelihood of increased prices, diminished quality or quantity of services provided, and less investment in network improvements for these services.

At the same time the Complaint was filed, the United States also filed a proposed Final Judgment and a Preservation of Assets Stipulation and Order, which are designed to eliminate the anticompetitive effects of the acquisition. Under the proposed Final Judgment, defendants are required to divest (1) Western Wireless' mobile wireless telecommunications services business and related assets in sixteen markets ("Wireless Business Divestiture Assets") (*i.e.*, Arkansas RSA-11 (CMA 334); Kansas RSA-3 (CMA 430); Kansas RSA-4 (CMA 431); Kansas RSA-8 (CMA 435); Kansas RSA-9 (CMA 436); Kansas RSA-10 (CMA 437); Kansas RSA-14 (CMA 441); Nebraska RSA-2 (CMA 534); Nebraska RSA 3 (CMA 535); Nebraska RSA-4 (CMA 536); Nebraska RSA-5 (CMA 537); Nebraska RSA-6 (CMA 538); Nebraska RSA-7 (CMA 539); Nebraska RSA-8 (CMA 540); Nebraska RSA-9 (CMA 541); and Nebraska RSA-10 (CMA 542); and (2) all legal and economic interests Western Wireless holds in the Cellular One

Group ("Cellular One Group Assets").  Under the terms of the Preservation of Assets Stipulation and Order, defendants will take certain steps to ensure (a) that these assets are preserved and that the Wireless Business Divestiture Assets are operated as competitively independent, economically viable and ongoing businesses; (b) that the Cellular One Group Assets are managed so that all obligations under existing Cellular One Group licensing agreements are fulfilled; (c) that these assets will remain independent and uninfluenced by defendants or the consummation of the transaction; and (d) that competition is maintained during the pendency of the ordered divestiture.

Plaintiff and defendants have stipulated that the proposed Final Judgment may be entered after compliance with the APPA.  Entry of the proposed Final Judgment would terminate this action, except that the Court would retain jurisdiction to construe, modify, or enforce the provisions of the proposed Final Judgment and to punish violations thereof.  Plaintiff and defendants have also stipulated that defendants will comply with the terms of the proposed Final Judgment and the Preservation of Assets Stipulation and Order from the date of signing of the Preservation of Assets Stipulation and Order (July 6, 2005), pending entry of the proposed Final Judgment by the Court and the required divestitures.  Should the Court decline to enter the proposed Final Judgment, defendants have also committed to continue to abide by its requirements and those of the Preservation of Assets Stipulation and Order until the expiration of time for appeal.

**II.    Compliance with the APPA**

The APPA requires a sixty-day period for the submission of public comments on the proposed Final Judgment.  *See* 15 U.S.C. § 16(b).  In compliance with the APPA, the United

States filed a CIS in this Court on July 6, 2005; published the proposed Final Judgment and CIS in the *Federal Register* on August 2, 2005, *see* 70 Fed. Reg. 44,357 (2005); and published a summary of the terms of the proposed Final Judgment and CIS, together with directions for the submission of written comments relating to the proposed Final Judgment, in the *Washington Post* for seven days beginning on July 28, 2005 and ending on August 3, 2005. The 60-day period for public comments ended on October 3, 2005. During this period, the United States received no comments on the proposed Final Judgment, so that it was not necessary to file a Response of the United States to Comments or to publish any comments or response in the Federal Register. The Certificate of Compliance filed simultaneously with this Motion recites that all the requirements of the APPA have now been satisfied. It is therefore appropriate for the Court to make the public interest determination required by 15 U.S.C. § 16(e) and to enter the Final Judgment.

### III.   Standard of Judicial Review

Before entering the proposed Final Judgment, the Court is to determine whether the Judgment "is in the public interest." *See* 15 U.S.C. § 16(e). In making that determination, the Court shall consider:

> A) the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and
>
> B) the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e).

In its CIS previously filed with the Court on July 6, 2005, the United States has explained the meaning and proper application of the public interest standard under the APPA and now incorporates those statements herein by reference. The public, including affected competitors and customers, has had the opportunity to comment on the proposed Final Judgment as required by law. The proposed Final Judgment is within the range of settlements consistent with the public interest.

## IV.   Conclusion

For the reasons set forth in this Motion and in the CIS, the Court should find that the proposed Final Judgment is in the public interest and should enter the proposed Final Judgment without further hearings. Plaintiff United States respectfully requests that the proposed Final Judgment be entered as soon as possible.

Dated: October 12, 2005                Respectfully submitted,

_____
Deborah A. Roy (DC Bar # 452573)
Hillary B. Burchuk (DC Bar # 366755)
Attorneys, Telecommunications & Media
Enforcement Section
Antitrust Division
U.S. Department of Justice
1401 H Street, NW, Suite 8000
Washington, DC 20530
(202) 305-8860

## CERTIFICATE OF SERVICE

     I hereby certify that copies of the Plaintiff's Motion and Memorandum in Support of Entry of Final Judgment have been mailed, by U.S. mail, postage prepaid, to the attorneys listed below, the 12th day of October 2005.

Brian C. Mohr, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC  20005-2111

Counsel for Defendant ALLTEL Corporation


Ilene Knable Gotts, Esq.
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York  10019-6150

Counsel for Defendant Western Wireless Corporation


                                                                           */s/ Deborah A. Roy*
                                           Deborah A. Roy (DC Bar # 452573)
                                           Hillary B. Burchuk (DC Bar # 66755)
                                           Attorneys, Telecommunications & Media
                                           Enforcement Section
                                           Antitrust Division
                                           U.S. Department of Justice
                                           City Center Building
                                           1401 H Street, N.W., Suite 8000
                                           Washington, DC 20530
                                           (202) 305-8860