UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NUMBER: 1:05CV01345 |
| ) | |
| v. ) | JUDGE: Royce C. Lamberth |
| ) | |
| ALLTEL CORPORATION and ) | |
| WESTERN WIRELESS CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### JOINT MOTION TO MODIFY FINAL JUDGMENT

Plaintiff United States and defendants ALLTEL Corporation ("ALLTEL") and Western Wireless Corporation ("Western Wireless"), through its successor in interest Western Wireless L.L.C., jointly move this Court for an order modifying Section XI of the Final Judgment entered in this case. The Final Judgment required defendants to sell the assets of the Cellular One Group, which consist primarily of the Cellular One brand name. Section XI allows ALLTEL to license the Cellular One brand, for a period of one year from the August 1, 2005 closing of the ALLTEL acquisition of Western Wireless. Specifically, the second sentence of Section XI of the Final Judgment states:

> Defendants may not reacquire or lease any part of the Divestiture Assets during the term of this Final Judgment provided however ... 2) defendants shall not be precluded from entering into agreements with the purchaser of the Cellular One Group Assets to license those assets for use ... (b) for a period not to exceed one (1) year from the date of the closing of the Transaction, within the United States.

In accordance with this provision, when ALLTEL sold the assets of the Cellular One Group, it

obtained a license so it could continue to use the Cellular One brand in approximately 92 licensed market areas in 19 states that it acquired from Western Wireless. The proposed modification would change this provision to allow ALLTEL to extend its license to use the Cellular One brand for an additional one-year period, but only in four licensed market areas in southern Minnesota. The Final Judgment would continue to bar ALLTEL from reacquiring any of the other assets divested pursuant to the Final Judgment.

This motion is made pursuant to Section XII of the Final Judgment which provides in part that "This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court ...to modify any of [the Final Judgments's] provisions..." As is explained in the Memorandum in Support of this Motion, the United States believes modification of this provision is in the public interest and that because the proposed modification is minor, technical, and will maintain the current competition in these four RSAs, no public comment period is necessary. A proposed Modified Final Judgment is attached to this motion.

Dated: July 27, 2006

For Plaintiff United States of America

/s/ Hillary B. Burchuk
Hillary B. Burchuk (DC Bar # 366755)
Deborah A. Roy (DC Bar # 452573)
Attorneys, Telecommunications & Media
    Enforcement Section
Antitrust Division
U.S. Department of Justice
1401 H Street, NW, Suite 8000
Washington, DC 20530
(202) 514-4853

Respectfully submitted,

For Defendants ALLTEL Corporation and
Western Wireless Corporation

/s/ W. Stephen Smith by JAJ
W. Stephen Smith (D.C. Bar #376179)
Jeffrey A. Jaeckel (DC Bar #463412)
Morrison & Foerster LLP
2000 Pennsylvania Ave., NW
Washington DC, 20006-1888
(202) 887-1500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NUMBER: 1:05CV01345 |
| v. | ) | JUDGE: Royce C. Lamberth |
| ALLTEL CORPORATION and WESTERN WIRELESS CORPORATION, | ) | |
| Defendants. | ) | |

## MEMORANDUM OF PLAINTIFF UNITED STATES IN SUPPORT OF MOTION TO MODIFY FINAL JUDGMENT

Plaintiff United States and defendants ALLTEL Corporation ("ALLTEL") and Western Wireless Corporation ("Western Wireless"), through its successor in interest Western Wireless L.L.C., have moved this Court to modify the Final Judgment entered in this action. This memorandum summarizes the Complaint that initiated this action and the resulting Judgment, describes the proposed minor modification, explains the reasons why the United States has consented to modification of the Judgment, and discusses the legal standards and precedents respecting modification of consent decrees.

I.   Background

ALLTEL and Western Wireless entered into an Agreement and Plan of Merger dated January 9, 2005, pursuant to which ALLTEL would acquire Western Wireless. The United States filed a civil antitrust Complaint on July 6, 2005, seeking to enjoin the proposed acquisition. As explained more fully in the Complaint and Competitive Impact Statement, the

likely effect of this acquisition would have been to substantially lessen competition for mobile wireless telecommunications services in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. This loss of competition likely would have resulted in consumers facing increased prices, diminished quality or quantity of the services provided, and less investment in network improvements for these services.

At the same time the Complaint was filed, the United States filed a proposed Final Judgment and a Preservation of Assets Stipulation and Order, which were designed to eliminate the anticompetitive effects of the acquisition. Under the Final Judgment, which this Court entered on October 12, 2005, defendants were required to divest Western Wireless' mobile wireless telecommunications services business and related assets in sixteen markets in Arkansas, Kansas and Nebraska. The wireless telecommunications business in the sixteen markets have all been divested according to the terms of the Final Judgment. The requested modification will have no impact on these divestitures or markets. In addition, defendants were required to divest all legal and economic interests Western Wireless held in the Cellular One Group ("Cellular One Group Assets"), which consist primarily of the Cellular One brand.

On August 1, 2005, ALLTEL closed the acquisition of Western Wireless, which operated the majority of its wireless services businesses under the trade name Cellular One. On December 27, 2005, plaintiff United States approved the divestiture by ALLTEL of the Cellular One Group Assets to Dobson Cellular Systems, Inc. ("Dobson"). Shortly thereafter, the Cellular One Group Assets were transferred to Dobson.

Section XI of the Final Judgment restricted the transactions that ALLTEL could enter with Dobson as the new owner of the Cellular One Group Assets:

2

> Defendants may not reacquire or lease any part of the Divestiture Assets during the term of this Final Judgment provided however that... 2) defendants shall not be precluded from entering into agreements with the purchaser of the Cellular One Group Assets to license those assets for use ... (b) for a period not to exceed one (1) year from the date of the closing of the Transaction...

Section XI (b)(2) was included to allow ALLTEL a short period of time to transition the business from the Cellular One brand to the ALLTEL brand. Concurrent with the sale of the Cellular One Group Assets to Dobson, and consistent with Section XI's restrictions, ALLTEL obtained a license to continue to use in approximately 92 licensed markets in 19 states, the Cellular One brand for the wireless businesses it acquired from Western Wireless. That license will expire on August 1, 2006.

On November 18, 2005, ALLTEL announced it would purchase Midwest Wireless Holdings ("Midwest") for $1.075 billion. This acquisition will expand ALLTEL's wireless coverage into new areas, but there is a substantial overlap between ALLTEL's and Midwest's ownership of wireless licenses and operation of competing wireless businesses in southern Minnesota. The United States is investigating potential competitive effects resulting from ALLEL's proposed acquisition of Midwest in a number of areas, including four Rural Service Areas ("RSAs").[1] ALLTEL is considering selling wireless assets in these four RSAs to resolve any competitive concerns arising from the Midwest acquisition and consequently did not introduce the ALLTEL brand in these markets. For the other approximately 88 licensed market areas ALLTEL acquired from Western Wireless that

---

[1] The four RSAs are: Minnesota RSA-7 (Chippewa); Minnesota RSA-8 (Lac qui Parle); Minnesota RSA-9 (Pipestone); and Minnesota RSA-10 (Le Sueur). A Rural Service Area is the term used by the Federal Communications Commission to define cellular license areas.

3

were using the Cellular One brand, ALLTEL has ceased using the Cellular One brand and is now providing wireless services using the ALLTEL name.  In the four southern Minnesota RSAs, ALLTEL continues to this day to operate under the Cellular One brand.

      II.      <u>Description of the Proposed Modification and its Justification</u>

The United States proposes changing Section XI to extend the period during which ALLTEL may use the Cellular One brand for an additional one (1) year period, up to and including August 1, 2007.  This modification is necessary to avoid ALLTEL having to immediately change the brand name it currently uses in the four Minnesota RSAs from Cellular One to ALLTEL.  A brand name change could create confusion for consumers that could impact competition, especially if these wireless business are sold to satisfy competitive concerns resulting from ALLTEL's acquisition of Midwest.

From a practical and competitive standpoint, it is better for ALLTEL to continue to use the Cellular One brand in these four markets until these businesses are sold.  A change in the brand name now would cause confusion to consumers and might have a negative impact on sales in the period before the wireless assets are sold.  A second brand change by the buyer of the wireless assets in these four RSAs could cause additional confusion, create uncertainty about the stability of the business in the minds of consumers and overall have a negative impact on the buyer's ability to be an effective competitor.  Moreover, this consumer confusion will be compounded by the fact that ALLTEL will most likely rebrand the Midwest business that it retains in these four RSAs with the ALLTEL brand.  The confusion and disruption caused by all these name changes could be lessened if the Final Judgment were modified to allow ALLTEL continue to use the Cellular One brand in these four RSAs for a reasonable time to reach a

resolution with the Department of Justice of any competitive concerns resulting from the acquisition of Midwest, to locate a buyer and complete the sale.[2] During this period, ALLTEL will not own the brand name and will only be using it in a very limited geographic area for a very short time.

With the proposed modification, Section XI would read as follows (modification language highlighted):

> Defendants may not reacquire or lease any part of the Divestiture Assets during the term of this Final Judgment provided however that 1) defendants shall not be precluded from entering commercially reasonable agreements, for a period not to exceed two (2) years from the date of the closing of the transaction , with the purchaser(s) of the Wireless Business Divestiture Assets to obtain the right to use equipment that defendant Western Wireless used to support both its GSM roaming business and the provision of wireless services using other technological formats and 2) defendants shall not be precluded from entering into agreements with the purchaser of the Cellular One Group Assets to license those assets for use (a) outside the United States and (b) for a period not to exceed one (1) year from the date of the closing of the Transaction, within the United States, **provided however that defendants shall not be precluded from entering into an agreement with the purchaser of the Cellular One Group Assets to license those assets for use in Minnesota RSA-7 (Chippewa), Minnesota RSA-8 (Lac qui Parle), Minnesota RSA-9 (Pipestone), and Minnesota RSA-10 (Le Sueur), for a period not to exceed two years from the date of the closing of the transaction.**

No other changes are proposed for the Final Judgment: ALLTEL still will not be allowed to reacquire any of the divested wireless businesses or use the Cellular One brand for any other of its operations in the United States during the term of the Final Judgment. Dobson has represented to plaintiff United States that there are no legal impediments to its extending

---

[2] If, ultimately, ALLTEL retains the wireless assets in these four RSAs, the additional time allowed under the proposed modification will be needed to make a smooth transition from the Cellular One brand to the ALLTEL brand.

ALLTEL's use of the Cellular One brand in these four RSAs, and that it is willing to enter into a commercially reasonable arrangement with ALLTEL to extend ALLTEL's license.

    III.    The Legal Standards Applicable to Modification of an Antitrust Judgment With the Consent of the Government

This Court has jurisdiction to modify the Final Judgment pursuant to Section XII of the Judgment, Fed. R. Civ. P. 60(b) (5), and "principles inherent in the jurisdiction of the chancery." United States v. Swift & Co., 286 U.S. 106, 114 (1932); see also United States v. Western Electric Co. Inc., 46 F.3d 1198, 1202 (D.C. Cir. 1995); In re Grand Jury Proceedings, 827 F. 2d 868, 873 (2d Cir. 1987). Where, as here, plaintiff United States has consented to a proposed modification of a judgment, the issue before the Court is whether modification is in the public interest. See, e.g., United States v. Western Elec. Co., 993 F. 2d 1572, 1576 (D.C. Cir. 1993); United States v. Western Elec. Co., 900 F. 2d 283, 305 (D.C. Cir. 1990); United States v. Loew's, Inc., 783 F. Supp. 211, 213 (S.D.N.Y. 1992); United States v. Columbia Artists Management, Inc., 662 F. Supp. 865, 869-70 (S.D.N.Y. 1987) (citing United States v. Swift & Co., 1975-1 Trade Cas. (CCH) ¶ 60,201, at 65,702-03 (N.D. Ill. 1975)). Cf. United States v. American Cyanamid Co., 556 F. Supp. 361, 367 (S.D.N.Y. 1983), rev'd on other grounds, 719 F.2d 558 (2d Cir. 1983).

The purpose of the antitrust laws is to protect competition, e.g., United States v. Penn-Olin Chemical Co., 378 U.S. 158, 170 (1964) (antitrust laws reflect "a national policy enunciated by the Congress to preserve and promote a free competitive economy"). The relevant question before the court therefore is whether modification of the Judgment would serve the public interest in "free and unfettered competition as the rule of trade." Northern Pacific Railway Co. v.

United States, 356 U.S. 1, 4 (1958); see also United States v. Western Electric Co., 900 F.2d at 308; United States v. American Cyanamid, 719 F.2d 558, 565 (2d Cir. 1983), cert. denied, 405 U.S. 1101 (1984); United States v. Columbia Artists Management, 662 F. Supp. 865, 870 (S.D.N.Y. 1987).

It has long been recognized that the government has broad discretion in settling antitrust litigation on terms that will best serve the public interest in competition. See Sam Fox Publishing Co. v. United States, 366 U.S. 683, 689 (1961). Where the Department of Justice has offered a reasoned and reasonable explanation of why the modification vindicates the public interest in free and unfettered competition, the modification is clear, and there is no showing of abuse of discretion or corruption affecting the government's recommendation, the Court should accept the Department's conclusion concerning the appropriateness of modification. In addition, where, as in this case, the proposed modification does not materially affect the substance of defendants' obligations, no detailed analysis is required to conclude that the Final Judgment, as modified, will continue to satisfy the public interest.

Section XI of the Final Judgment was designed to ensure that ALLTEL would have sufficient time to transition the businesses acquired from Western Wireless to the ALLTEL brand. ALLTEL's desire not to change the brand name used by the wireless businesses in these four RSAs it proposes to sell is consistent with the public interest as it reduces the potential for customer confusion and market disruption resulting from name change. The Department of Justice has concluded that the proposed modification extending the period during which ALLTEL may use the Cellular One brand will preserve the status quo in the market and reduce consumer confusion until such time as the wireless assets are sold.

IV.   A Public Comment Period is Unnecessary

The Antitrust Procedures and Penalties Act, 15 U.S.C. § 16 (b)-(h), does not expressly apply to the modification of entered final judgments.[3] Nonetheless, the Department and the courts have concluded that notice to the public and opportunities for comments are appropriate where significant decree modifications are proposed.[4] Here, however, the modification is a minor one that does not have a material effect on either ALLTEL's obligations under the decree or Donson, the purchaser of the Cellular One Group Assets, whose viability the Final Judgment was intended to ensure. Thus, no public comment period is necessary for a determination that the proposed modification is in the public interest.[5] With the modification, ALLTEL will only have limited use of the Cellular One brand in four RSAs, and customer confusion and market disruption caused by multiple band name changes will be eliminated. Accordingly, the public

---

[3] The procedures mandated by the APPA govern federal district courts' consideration of "[a]ny proposal for a consent judgment submitted by the United States" 15 U.S.C. § 16(b), and are designed to facilitate a public interest determination "[b]efore entering any consent judgment proposed by the United States." 15 U.S.C. § 16(e).

[4] See United States v. AT&T, 552 F. Supp. 131, 144-45 (D.D.C. 1982), aff'd. sub nom. Maryland v. United States, 460 U.S. 1001 (1983).

[5] Few courts have addressed the issue of the applicability to judgment modifications of the APPA. Courts in this district have made non-material modifications of Final Judgments without requiring notice to the public and opportunity for comments. United States v. Halliburton Company et al., Civil Action No. 98-CV-2340 (D.D.C. March 10, 2000, Judge Thomas Penfield Jackson); United States v. Tidewater, Inc., et al., Civil Action No. 92-106 (D.D.C. October 7, 1992, Judge Thomas F. Hogan); United States v. Baker Hughes, Civil Action No. 90-0825 (D.D.C. June 20, 1990, Judge Louis F. Oberdorfer). Two courts have held that the APPA is not applicable to judgment termination proceedings, suggesting that those courts would not view the APPA as applicable to minor judgment modifications (United States v. American Cyanamid Co., 719 F.2d at 565 n.7; United States v. General Motors Corp., 1983-2 Trade Cas. ¶ 65,614 at 69,093 (N.D. Ill. 1983)). But see United States v. Motor Vehicle Mfrs. Ass'n, 1981-2 Trade Cas. ¶ 64,370 (C.D. Cal. 1981).

8

interest will be served by having the modification made as soon as possible to permit ALLTEL to continue to use the Cellular One brand in its operation of the wireless businesses in the four Minnesota RSAs.

V.    <u>Conclusion</u>

For the foregoing reasons, plaintiff United States requests that the Court enter the proposed Order Modifying Final Judgment submitted with this Motion.

Dated: July 27, 2006                      Respectfully submitted,

*/s/ Hillary B. Burchuk*
Hillary B. Burchuk (DC Bar # 366755)
Deborah A. Roy (DC Bar # 452573)
Attorneys, Telecommunications & Media
Enforcement Section
Antitrust Division
U.S. Department of Justice
1401 H Street, NW, Suite 8000
Washington, DC 20530
(202) 514-4853

9