## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 05-1345 (RCL)** |
| | ) |
| **ALLTEL CORPORATION,** *et al.* | ) |
| | ) |
| **Defendants.** | ) |

_____ )

### ORDER & MODIFIED FINAL JUDGMENT

This matter comes before the Court on the joint motion [17] of plaintiff United States of America and defendants ALLTEL Corporation and Western Wireless Corporation to modify the Final Judgment entered in this case on October 12, 2005.

Having considered the Joint Motion and Memorandum in Support thereof, the Court finds that the joint motion is GRANTED.  It is further

ORDERED, ADJUDGED AND DECREED that the Final Judgment entered on October 12, 2005 in this case is modified in accordance with the Modified Final Judgment incorporated in this order below:

WHEREAS, plaintiff, United States of America, filed its Complaint on July 6, 2005, plaintiff and defendants, ALLTEL Corporation ("ALLTEL") and Western Wireless Corporation ("Western Wireless"), by their respective attorneys, have consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law, and without this Final Judgment constituting any evidence against or admission by any party regarding any issue of fact or law;

AND WHEREAS, defendants agree to be bound by the provisions of this Final Judgment

pending its approval by the Court;

AND WHEREAS, the essence of this Final Judgment is the prompt and certain divestiture of certain rights or assets by defendants to assure that competition is not substantially lessened;

AND WHEREAS, plaintiff requires defendants to make certain divestitures for the purpose of remedying the loss of competition alleged in the Complaint;

AND WHEREAS, defendants have represented to plaintiff that the divestitures required below can and will be made and that defendants will later raise no claim of hardship or difficulty as grounds for asking the Court to modify any of the divestiture provisions contained below;

NOW THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, and upon consent of the parties, it is ORDERED, ADJUDGED AND DECREED:

## I. Jurisdiction

This Court has jurisdiction over the subject matter of and each of the parties to this action. The Complaint states a claim upon which relief may be granted against defendants under Section 7 of the Clayton Act, 15 U.S.C. § 18.

## II. Definitions

As used in this Final Judgment:

A. "Acquirer" or "Acquirers" means the entity or entities to whom defendants divest the Divestiture Assets.

B. "ALLTEL" means defendant ALLTEL Corporation, a Delaware corporation with headquarters in Little Rock, Arkansas, its successors and assigns, and its subsidiaries, divisions,

groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

C. "Cellular One Group" means the Delaware general partnership, with headquarters in Bellevue, Washington, engaged in the business of licensing and promoting the Cellular One service mark and certain related trademarks, service marks, and designs.

D. "Cellular One Group Assets" means all legal and economic interests Western Wireless holds in the Cellular One Group. Cellular One Group Assets shall include all right, title and interest in trademarks, trade names, service marks, service names, designs, and intellectual property, all license agreements for use of the Cellular One mark, technical information, computer software and related documentation, and all records relating to the divestiture assets. If the acquirer of the Cellular One Group Assets is not the acquirer of the Wireless Business Divestiture Assets, defendants will grant the acquirer of the wireless business assets a license to use the Cellular One service marks on terms generally available at the time the merger agreement was entered and make the transfer of the Cellular One Group Assets subject to continuation of these licenses.

E. "CMA" means cellular market area which is used by the Federal Communications Commission ("FCC") to define cellular license areas and which consists of Metropolitan Statistical Areas ("MSAs") and Rural Service Areas ("RSAs").

F. "Divestiture Assets" means the Wireless Business Divestiture Assets and the Cellular One Group Assets.

G. "GSM" means global system for mobile communications which is one of the standards used for the infrastructure of digital cellular service.

H. "Multi-line Business Customer" means a corporate or business customer that contracts with Western Wireless for mobile wireless services to provide multiple telephones to its employees or members whose services are provided pursuant to a contract with the corporate or business customer.

I. "Transaction" means the Agreement and Plan of Merger between ALLTEL and Western Wireless, dated January 9, 2005.

J. "Western Wireless" means defendant Western Wireless Corporation, incorporated in the state of Washington with headquarters in Bellevue, Washington, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

K. "Wireless Business Divestiture Assets" means, for each mobile wireless telecommunications services business to be divested under this Final Judgment, all types of assets, tangible and intangible, used by defendants in the operation of the mobile wireless telecommunications services businesses to be divested. "Wireless Business Divestiture Assets" shall be construed broadly to accomplish the complete divestitures of the entire business of Western Wireless in each of the following RSA license areas as required by this Final Judgment and to ensure that the divested mobile wireless telecommunications services businesses remain viable, ongoing businesses:

(a) Arkansas RSA-11 (CMA 334);

(b) Kansas RSA-3 (CMA 430);

(c) Kansas RSA-4 (CMA 431);

(d) Kansas RSA-8 (CMA 435);

4

(e) Kansas RSA-9 (CMA 436);

(f) Kansas RSA-10 (CMA 437);

(g) Kansas RSA-14 (CMA 441);

(h) Nebraska RSA-2 (CMA 534);

(i) Nebraska RSA-3 (CMA 535);

(j) Nebraska RSA-4 (CMA 536);

(k) Nebraska RSA-5 (CMA 537);

(l) Nebraska RSA-6 (CMA 538);

(m) Nebraska RSA-7 (CMA 539);

(n) Nebraska RSA-8 (CMA 540);

(o) Nebraska RSA-9 (CMA 541); and

(p) Nebraska RSA-10 (CMA 542);

provided that ALLTEL may retain all of the PCS spectrum currently held by Western Wireless in

each of these RSAs and provided that ALLTEL need not divest the assets used solely to operate

Western Wireless' GSM roaming business, including GSM roaming contracts and equipment.

Wireless Business Divestiture Assets shall include, without limitation, all types of real

and personal property, monies and financial instruments, equipment, inventory, office furniture,

fixed assets and furnishings, supplies and materials, contracts, agreements, leases, commitments,

spectrum licenses issued by the FCC and all other licenses, permits and authorizations,

operational support systems, cell sites, network infrastructure, switches, customer support and

billing systems, interfaces with other service providers, business and customer records and

information, customer contracts, customer lists, credit records, accounts, and historic and current

business plans which relate primarily to the wireless business being divested, as well as any

patents, licenses, sub-licenses, trade secrets, know-how, drawings, blueprints, designs, technical

and quality specifications and protocols, quality assurance and control procedures, manuals and

other technical information defendants supply to their own employees, customers, suppliers,

agents, or licensees, and trademarks, trade names and service marks or other intellectual property,

including all intellectual property rights under third-party licenses that are capable of being

transferred to an Acquirer either in their entirety, for assets described in (1) below, or through a

license obtained through or from Western Wireless, for assets described in (2) below; provided

that defendants shall only be required to divest Multi-line Business Customer contracts, if the

primary business address for that customer is located within any of the sixteen (16) license areas

described herein, and further, any subscribers who obtain mobile wireless telecommunications

services through any such contract retained by defendants and who are located within the sixteen

(16) geographic areas identified above, shall be given the option to terminate their relationship

with defendants, without financial cost, within one year of the closing of the Transaction.

Defendants shall provide written notice to these subscribers within forty-five (45) days after the

closing of the Transaction of the option to terminate.

These divestitures of the Wireless Business Divestiture Assets shall be accomplished by:

(1) transferring to the Acquirers the complete ownership and/or other rights to the

assets (other than those assets used substantially in the operations of Western Wireless' overall

wireless telecommunications services business which must be retained to continue the existing

operations of the wireless properties that defendants are not required to divest, and that either are

not capable of being divided between the divested wireless telecommunications services

businesses and those not divested, or are assets that the defendants and the Acquirer(s) agree,

subject to approval of plaintiff, shall not be divided); and

(2) granting to the Acquirer(s) an option to obtain a non-exclusive, transferable

license from defendants for a reasonable period, subject to approval of plaintiff, at the election of

an Acquirer to use any of Western Wireless's retained assets under paragraph (1) above, used in

the operation of the wireless telecommunications services business being divested, so as to

enable the Acquirer to continue to operate the divested wireless telecommunications services

business without impairment. Defendants shall identify in a schedule submitted to plaintiff and

filed with the Court, as expeditiously as possible following the filing of the Complaint and in any

event prior to any divestitures and before the approval by the Court of this Final Judgment, any

intellectual property rights under third-party licenses that are used by the wireless

telecommunications services businesses being divested but that defendants could not transfer to

an Acquirer entirely or by license without third-party consent, and the specific reasons why such

consent is necessary and how such consent would be obtained for each asset.

### III. Applicability

A. This Final Judgment applies to defendants ALLTEL and Western Wireless, as defined

above, and all other persons in active concert or participation with any of them who receive

actual notice of this Final Judgment by personal service or otherwise.

B. Defendants shall require, as a condition of the sale or other disposition of all or

substantially all of their assets or of lesser business units that include the Divestiture Assets, that

the purchaser agrees to be bound by the provisions of this Final Judgment, provided that

defendants need not obtain such an agreement from the Acquirer(s).

### IV. Divestitures

A. Defendants are ordered and directed, within one hundred twenty (120) days after consummation of the Transaction, or five (5) days after notice of entry of this Final Judgment, whichever is later, to divest the Divestiture Assets to an Acquirer or Acquirers acceptable to plaintiff in its sole discretion, and, if applicable, to a Divestiture Trustee designated pursuant to Section V of this Final Judgment. Plaintiff, in its sole discretion, may agree to one or more extensions of this time period not to exceed sixty (60) days in total, and shall notify the Court in such circumstances. With respect to divestiture of the Wireless Business Divestiture Assets by defendants or the Divestiture Trustee, if applications have been filed with the FCC within the period permitted for divestiture seeking approval to assign or transfer licenses to the Acquirer(s) of the Wireless Business Divestiture Assets, but an order or other dispositive action by the FCC on such applications has not been issued before the end of the period permitted for divestiture, the period shall be extended with respect to divestiture of those Divestiture Assets for which FCC approval has not been issued until five (5) days after such approval is received. Defendants agree to use their best efforts to accomplish the divestitures set forth in this Final Judgment and to seek all necessary regulatory approvals as expeditiously as possible. This Final Judgment does not limit the FCC's exercise of its regulatory powers and process with respect to the Divestiture Assets. Authorization by the FCC to conduct the divestiture of a Divestiture Asset in a particular manner will not modify any of the requirements of this decree.

B. In accomplishing the divestitures ordered by this Final Judgment, defendants shall promptly make known, if they have not already done so, by usual and customary means, the availability of the Divestiture Assets. Defendants shall inform any person making inquiry

regarding a possible purchase of the Divestiture Assets that they are being divested pursuant to this Final Judgment and provide that person with a copy of this Final Judgment. Defendants shall offer to furnish to all prospective Acquirers, subject to customary confidentiality assurances, all information and documents relating to the Divestiture Assets customarily provided in a due diligence process except such information or documents subject to the attorney-client or work product privileges. Defendants shall make available such information to plaintiff at the same time that such information is made available to any other person.

C. Defendants shall provide to the Acquirer(s) and plaintiff information relating to the personnel involved in the operation, development, and sale or license of the Divestiture Assets to enable the Acquirer(s) to make offers of employment. Defendants will not interfere with any negotiations by the Acquirer(s) to employ any defendant employee whose primary responsibility is the operation, development, or sale or license of the Divestiture Assets.

D. Defendants shall permit prospective Acquirers of the Divestiture Assets to have reasonable access to personnel and to make inspections of the Divestiture Assets; access to any and all environmental, zoning, and other permit documents and information; and access to any and all financial, operational, and other documents and information customarily provided as part of a due diligence process.

E. Defendants shall warrant to all Acquirer(s) that (1) the Wireless Business Divestiture Assets will be operational on the date of sale; (2) every wireless spectrum license is in full force and effect on the date of sale; and (3) the Cellular One Group Assets will be unencumbered and not judged invalid or unenforceable by any court or similar authority on the date of sale.

F. Defendants shall not take any action that will impede in any way the permitting,

licensing, operation, or divestiture of the Divestiture Assets.

G. Defendants shall warrant to the acquirer(s) of the Divestiture Assets that there are no defects in the environmental, zoning, licensing or other permits pertaining to the operation of each asset that will have a material adverse effect on the operator of the mobile wireless telecommunications services business in which the asset is primarily used, and that following the sale of the Divested Assets, defendant will not undertake, directly or indirectly, any challenges to the environmental, zoning, licensing or other permits relating to the operation of the Divestiture Assets.

H. Unless plaintiff otherwise consents in writing, the divestitures pursuant to Section IV, or by a Divestiture Trustee appointed pursuant to Section V of this Final Judgment, shall include the entire Divestiture Assets and with respect to the Wireless Business Divestiture Assets, shall be accomplished in such a way as to satisfy plaintiff, in its sole discretion, that these assets can and will be used by the Acquirer(s) as part of a viable, ongoing business engaged in the provision of mobile wireless telecommunications services. With the exception of the Wireless Business Divestiture assets in the Nebraska RSAs, all of which must be divested to a single Acquirer, the divestiture of the Divestiture Assets may be made to one or more Acquirers, provided that in each instance it is demonstrated to the sole satisfaction of plaintiff that the Divestiture Assets will remain viable and the divestiture of such assets will remedy the competitive harm alleged in the Complaint. The divestitures of the Divestiture Assets, whether pursuant to Section IV or Section V of this Final Judgment,

(1) shall be made to an Acquirer (or Acquirers) that, in plaintiff's sole judgment,

    a) with respect to the Wireless Business Divestiture Assets, has the intent and

capability (including the necessary managerial, operational, technical, and financial capability) of competing effectively in the provision of mobile wireless telecommunications services; and

b) with respect to the Cellular One Group Assets, has the intent and capability (including the necessary managerial, operational, technical, and financial capability) of maintaining and promoting the intellectual property including trademarks and service marks.

(2) shall be accomplished so as to satisfy plaintiff in its sole discretion, that none of the terms of any agreement between the Acquirer (or Acquirers) and any defendant shall give defendants the ability unreasonably to raise the Acquirer's costs, to lower the Acquirer's efficiency, or otherwise to interfere with the ability of the Acquirer to compete effectively.

I. At the option of the Acquirer(s) of the Divestiture Assets, defendants shall enter into a contract for transition services customarily provided in connection with the sale of a business providing mobile wireless telecommunications services or intellectual property licensing sufficient to meet all or part of the needs of the Acquirer for a period of up to one year. The terms and conditions of any contractual arrangement meant to satisfy this provision must be reasonably related to market conditions.

J. To the extent that the Divestiture Assets use intellectual property, as required to be identified by Section II.K.(2), that cannot be transferred or assigned without the consent of the licensor or other third parties, defendants shall use their best efforts to obtain those consents.

### V. Appointment of Divestiture Trustee

A. If defendants have not divested the Divestiture Assets within the time period specified in Section IV.A, defendants shall notify plaintiff of that fact in writing, specifically identifying the Divestiture Assets that have not been divested. Then, upon application of plaintiff, the Court

11

shall appoint a Divestiture Trustee selected by plaintiff and approved by the Court to effect the

divestiture of the Divestiture Assets. The Divestiture Trustee, will have all the rights and

responsibilities of the Management Trustee appointed pursuant to the Preservation of Assets

Stipulation and Order, and will be responsible for:

(1) accomplishing divestiture of all Divestiture Assets transferred to the

Divestiture Trustee from defendants, in accordance with the terms of this Final Judgment, to an

Acquirer or Acquirers approved by plaintiff, under Section IV.A of this Final Judgment;

(2) exercising the responsibilities of the licensee of any transferred Wireless

Business Divestiture Assets and controlling and operating any transferred Wireless Business

Divestiture Assets, to ensure that the businesses remain ongoing, economically viable

competitors in the provision of mobile wireless telecommunications services in the sixteen (16)

license areas specified in the Wireless Business Divestiture Assets, until they are divested to an

Acquirer or Acquirers, and the Divestiture Trustee shall agree to be bound by this Final

Judgment; and

(3) exercising the responsibilities of the licensee of any transferred Cellular One

Group Assets and controlling and operating any transferred Cellular One Group Assets, to ensure

that the business remains ongoing and that the obligations of the Cellular One Group under the

Cellular One license agreements are fulfilled, until they are divested to an Acquirer or Acquirers,

and the Divestiture Trustee shall agree to be bound by this Final Judgment.

B. Defendants shall submit a proposed trust agreement ("Trust Agreement") to plaintiff,

which must be consistent with the terms of this Final Judgment and which must receive approval

by plaintiff in its sole discretion, who shall communicate to defendants within ten (10) business

days its approval or disapproval of the proposed Trust Agreement, and which must be executed

by the defendants and the Divestiture Trustee within five (5) business days after approval by

plaintiff.

C. After obtaining any necessary approvals from the FCC for the assignment of the

licenses of the remaining Divestiture Assets to the Divestiture Trustee, defendants shall

irrevocably divest the remaining Divestiture Assets to the Divestiture Trustee, who will own such

assets (or own the stock of the entity owning such assets, if divestiture is to be effected by the

creation of such an entity for sale to Acquirer(s)) and control such assets, subject to the terms of

the approved Trust Agreement.

D. After the appointment of a Divestiture Trustee becomes effective, only the Divestiture

Trustee shall have the right to sell the Divestiture Assets. The Divestiture Trustee shall have the

power and authority to accomplish the divestiture to an Acquirer(s) acceptable to plaintiff, in its

sole judgment, at such price and on such terms as are then obtainable upon reasonable effort by

the Divestiture Trustee, subject to the provisions of Sections IV, V, and VI of this Final

Judgment, and shall have such other powers as this Court deems appropriate. Subject to Section

V.G of this Final Judgment, the Divestiture Trustee may hire at the cost and expense of

defendants the Management Trustee appointed pursuant to the Preservation of Assets Stipulation

and Order, and any investment bankers, attorneys or other agents, who shall be solely

accountable to the Divestiture Trustee, reasonably necessary in the Divestiture Trustee's

judgment to assist in the divestiture.

E. In addition, notwithstanding any provision to the contrary, plaintiff, in its sole

discretion, may require defendants to include additional assets, or allow, with the written

approval of plaintiff, defendants to substitute substantially similar assets, which substantially

relate to the Wireless Business Divestiture Assets to be divested by the Divestiture Trustee to

facilitate prompt divestiture to an acceptable Acquirer.

F. Defendants shall not object to a sale by the Divestiture Trustee on any ground other

than the Divestiture Trustee's malfeasance. Any such objections by defendants must be

conveyed in writing to plaintiff and the Divestiture Trustee within ten (10) calendar days after the

Divestiture Trustee has provided the notice required under Section VI.

G. The Divestiture Trustee shall serve at the cost and expense of defendants, on such

terms and conditions as plaintiff approves, and shall account for all monies derived from the sale

of the assets sold and all costs and expenses so incurred. After approval by the Court of the

Divestiture Trustee's accounting, including fees for its services and those of any professionals

and agents retained by the Divestiture Trustee, all remaining money shall be paid to defendants

and the trust shall then be terminated. The compensation of the Divestiture Trustee and any

professionals and agents retained by the Divestiture Trustee shall be reasonable in light of the

value of the Divestiture Assets and based on a fee arrangement providing the Divestiture Trustee

with an incentive based on the price and terms of the divestiture, and the speed with which it is

accomplished, but timeliness is paramount.

H. Defendants shall use their best efforts to assist the Divestiture Trustee in

accomplishing the required divestitures including their best efforts to effect all necessary

regulatory approvals and will provide any necessary representations or warranties as appropriate

related to sale of the Divestiture Assets. The Divestiture Trustee and any consultants,

accountants, attorneys, and other persons retained by the Divestiture Trustee shall have full and

14

complete access to the personnel, books, records, and facilities of the business to be divested, and defendants shall develop financial and other information relevant to the assets to be divested as the Divestiture Trustee may reasonably request, subject to reasonable protection for trade secret or other confidential research, development, or commercial information. Defendants shall take no action to interfere with or to impede the Divestiture Trustee's accomplishment of the divestitures.

I. After its appointment, the Divestiture Trustee shall file monthly reports with plaintiff and the Court setting forth the Divestiture Trustee's efforts to accomplish the divestitures ordered under this Final Judgment. To the extent such reports contain information that the Divestiture Trustee deems confidential, such reports shall not be filed in the public docket of the Court. Such reports shall include the name, address, and telephone number of each person who, during the preceding month, made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made an inquiry about acquiring, any interest in the Divestiture Assets, and shall describe in detail each contact with any such person. The Divestiture Trustee shall maintain full records of all efforts made to divest the Divestiture Assets.

J. If the Divestiture Trustee has not accomplished such divestitures within six (6) months after its appointment, the Divestiture Trustee shall promptly file with the Court a report setting forth (1) the Divestiture Trustee's efforts to accomplish the required divestitures, (2) the reasons, in the Divestiture Trustee's judgment, why the required divestitures have not been accomplished, and (3) the Divestiture Trustee's recommendations. To the extent such reports contain information that the Divestiture Trustee deems confidential, such reports shall not be filed in the public docket of the Court. The Divestiture Trustee shall at the same time furnish such report to

the plaintiff, who shall have the right to make additional recommendations consistent with the purpose of the trust. The Court thereafter shall enter such orders as it shall deem appropriate to carry out the purpose of the Final Judgment, which may, if necessary, include extending the trust and the term of the Divestiture Trustee's appointment by a period requested by plaintiff.

K. After defendants transfer the Divestiture Assets to the Divestiture Trustee, and until those Divestiture Assets have been divested to an Acquirer or Acquirers approved by plaintiff pursuant to Sections IV.A and IV.H, the Divestiture Trustee shall have sole and complete authority to manage and operate the Divestiture Assets and to exercise the responsibilities of the licensee, and shall not be subject to any control or direction by defendants. Defendants shall not retain any economic interest in the Divestiture Assets transferred to the Divestiture Trustee, apart from the right to receive the proceeds of the sale or other disposition of the Divestiture Assets.

L. The Divestiture Trustee shall operate the Divestiture Assets consistent with the Preservation of Assets Stipulation and Order and this Final Judgment, with control over operations, marketing, sales and Cellular One licensing. Defendants shall not attempt to influence the business decisions of the Divestiture Trustee concerning the operation and management of the Divestiture Assets, and shall not communicate with the Divestiture Trustee concerning divestiture of the Divestiture Assets or take any action to influence, interfere with, or impede the Divestiture Trustee's accomplishment of the divestitures required by this Final Judgment, except that defendants may communicate with the Divestiture Trustee to the extent necessary for defendants to comply with this Final Judgment and to provide the Divestiture Trustee, if requested to do so, with whatever resources or cooperation may be required to complete divestiture of the Divestiture Assets and to carry out the requirements of the

16

Preservation of Assets Stipulation and Order and this Final Judgment. Except as provided in this Final Judgment and the Preservation of Assets Stipulation and Order, in no event shall defendants provide to, or receive from, the Divestiture Trustee, the mobile wireless telecommunications services businesses, or the Cellular One business under the Divestiture Trustee's control any non-public or competitively sensitive marketing, sales, pricing or other information relating to their respective mobile wireless telecommunications services businesses.

## VI. Notice of Proposed Divestitures

A. Within two (2) business days following execution of a definitive divestiture agreement, defendants or the Divestiture Trustee, whichever is then responsible for effecting the divestitures required herein, shall notify plaintiff in writing of any proposed divestiture required by Section IV or V of this Final Judgment. If the Divestiture Trustee is responsible, it shall similarly notify defendants. The notice shall set forth the details of the proposed divestiture and list the name, address, and telephone number of each person not previously identified who offered or expressed an interest in or desire to acquire any ownership interest in the Divestiture Assets, together with full details of the same.

B. Within fifteen (15) calendar days of receipt by plaintiff of such notice, plaintiff may request from defendants, the proposed Acquirer or Acquirers, any other third party, or the Divestiture Trustee if applicable additional information concerning the proposed divestiture, the proposed Acquirer or Acquirers, and any other potential Acquirer. Defendants and the Divestiture Trustee shall furnish any additional information requested within fifteen (15) calendar days of the receipt of the request, unless the parties shall otherwise agree.

C. Within thirty (30) calendar days after receipt of the notice or within twenty (20)

calendar days after plaintiff has been provided the additional information requested from

defendants, the proposed Acquirer or Acquirers, any third party, and the Divestiture Trustee,

whichever is later, plaintiff shall provide written notice to defendants and the Divestiture Trustee,

if there is one, stating whether or not it objects to the proposed divestiture. If plaintiff provides

written notice that it does not object, the divestiture may be consummated, subject only to

defendants' limited right to object to the sale under Section V.F of this Final Judgment. Absent

written notice that plaintiff does not object to the proposed Acquirer or upon objection by

plaintiff, a divestiture proposed under Section IV or Section V shall not be consummated. Upon

objection by defendants under Section V.F, a divestiture proposed under Section V shall not be

consummated unless approved by the Court.

### VII. Financing

Defendants shall not finance all or any part of any divestiture made pursuant to Section

IV or V of this Final Judgment.

### VIII. Preservation of Assets

Until the divestitures required by this Final Judgment have been accomplished,

defendants shall take all steps necessary to comply with the Preservation of Assets Stipulation

and Order entered by this Court. Defendants shall take no action that would jeopardize the

divestitures ordered by this Court.

### IX. Affidavits

A. Within twenty (20) calendar days of the filing of the Complaint in this matter, and

every thirty (30) calendar days thereafter until the divestitures have been completed under

Section IV or V of this Final Judgment, defendants shall deliver to plaintiff an affidavit as to the

fact and manner of its compliance with Section IV or V of this Final Judgment. Each such affidavit shall include the name, address, and telephone number of each person who during the preceding thirty (30) days, made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made an inquiry about acquiring, any interest in the Divestiture Assets, and shall describe in detail each contact with any such person during that period. Each such affidavit shall also include a description of the efforts defendants have taken to solicit buyers for the Divestiture Assets, and to provide required information to prospective Acquirers, including the limitations, if any, on such information. Assuming the information set forth in the affidavit is true and complete, any objection by plaintiff, to information provided by defendants, including limitation on information, shall be made within fourteen (14) calendar days of receipt of such affidavit.

B. Within twenty (20) calendar days of the filing of the Complaint in this matter, defendants shall deliver to plaintiff an affidavit that describes in reasonable detail all actions defendants have taken and all steps defendants have implemented on an ongoing basis to comply with Section VIII of this Final Judgment. Defendants shall deliver to plaintiff an affidavit describing any changes to the efforts and actions outlined in defendants' earlier affidavits provided pursuant to this section within fifteen (15) calendar days after the change is implemented.

C. Defendants shall keep all records of all efforts made to preserve and divest the Divestiture Assets until one year after such divestitures have been completed.

## X. Compliance Inspection

A. For the purposes of determining or securing compliance with this Final Judgment, or

19

of determining whether the Final Judgment should be modified or vacated, and subject to any legally recognized privilege, from time to time duly authorized representatives of the United States Department of Justice, including consultants and other persons retained by the United States, shall, upon written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to defendants, be permitted:

(1) access during defendants' office hours to inspect and copy, or at plaintiff's option, to require defendants provide copies of, all books, ledgers, accounts, records and documents in the possession, custody, or control of defendants, relating to any matters contained in this Final Judgment; and

(2) to interview, either informally or on the record, defendants' officers, employees, or agents, who may have their individual counsel present, regarding such matters. The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by defendants.

B. Upon the written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, defendants shall submit written reports, under oath if requested, relating to any of the matters contained in this Final Judgment as may be requested.

C. No information or documents obtained by the means provided in this section shall be divulged by plaintiff to any person other than an authorized representative of the executive branch of the United States or, pursuant to a customary protective Order or waiver of confidentiality by defendants, the FCC, except in the course of legal proceedings to which the United States is a party (including grand jury proceedings), or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

D. If at the time information or documents are furnished by defendants to plaintiff, defendants represent and identify in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(7) of the Federal Rules of Civil Procedure, and defendants mark each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure," then plaintiff shall give defendants ten (10) calendar days notice prior to divulging such material in any legal proceeding (other than a grand jury proceeding).

## XI. No Reacquisition

Defendants may not reacquire or lease any part of the Divestiture Assets during the term of this Final Judgment provided however that 1) defendants shall not be precluded from entering commercially reasonable agreements, for a period not to exceed two (2) years from the date of the closing of the Transaction, with the purchaser(s) of the Wireless Business Divestiture Assets to obtain the right to use equipment that defendant Western Wireless used to support both its GSM roaming business and the provision of wireless services using other technological formats and 2) defendants shall not be precluded from entering into agreements with the purchaser of the Cellular One Group Assets to license those assets for use (a) outside the United States, and (b) for a period not to exceed one (1) year from the date of the closing of the Transaction, within the United States, provided however that defendants shall not be precluded from entering into an agreement with the purchaser of the Cellular One Group Assets to license those assets for use in Minnesota RSA-7 (Chippewa), Minnesota RSA-8 (Lac qui Parle), Minnesota RSA-9 (Pipestone), and Minnesota RSA-10 (Le Sueur), for a period not to exceed two years from the date of the closing of the transaction.

## XII. Retention of Jurisdiction

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, August 7, 2006.